**COMTEK EXPOSITIONS, INC.,**
**Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 03–40597.

United States Court of Appeals,
Second Circuit.

June 2, 2004.

---

Frank Agostino, Calo Agostino, Hackensack, NJ, for Appellant.

Joel McElvain, Attorney for the Department of Justice, Tax Division (Eileen J. O'Connor, Assistant Attorney General, Kenneth L. Greene, Attorney for the Department of Justice, Tax Division, on the brief), Washington, DC, for Appellee.

PRESENT: WALKER, Chief Judge, POOLER, Circuit Judge, and MURTHA, District Judge.*

SUMMARY ORDER

Petitioner-appellant Comtek Expositions, Inc., ("Comtek") appeals from a May 13, 2003 judgment of the United States Tax Court (Beghe, *Judge*), after a bench trial upholding the Commissioner of Internal Revenue's ("Commissioner") deficiency determinations that, after computation, amounted to $913,834 and $872,543 for tax years 1995 and 1996, respectively. We assume familiarity with the underlying facts that may be found in the tax court's opinion at *Comtek Expositions, Inc., v. Commissioner*, 85 T.C.M. (CCH) 1280, 2003 WL 21078102 (May 13, 2003), 2003

* The Honorable J. Garvan Murtha, District Judge for the United States District Court for the District of Vermont, sitting by designation.

Tax Ct. Memo LEXIS 135, and recite only the relevant details here.

From 1990–1996, Comtek, a corporation organized under the laws of Connecticut, organized trade shows throughout Eastern Europe and the former Soviet bloc. Comtek leased exhibit halls, solicited exhibitors from Europe, the United States and the former Soviet bloc, and secured commitments from the exhibitors to display and sell electronic and household wares at the trade shows. Crocus International ("Crocus"), a Russian corporation, provided exhibitors with certain services at many Comtek trade shows including, *inter alia*, security, exhibit construction, maintenance, and catering. Crocus also solicited a limited number of Russian exhibitors.

In 1995, Comtek and Crocus entered into a Reciprocal Royalty Agreement (the "royalty agreement"), a revenue sharing agreement with E.C.I. Management Services, Ltd. ("ECI"), a non-resident Irish corporation, under which Comtek purportedly received 25% of the gross revenues from the trade shows and ECI purportedly received the remainder. On its returns for the 1995 and 1996 tax years, Comtek included in its income only the 25% portion of its gross revenues from the trade shows.

The Commissioner determined that Comtek had failed to include the gross receipts and sales from foreign trade shows as income in its 1995 and 1996 tax returns and, on February 8, 2000, mailed a notice of deficiency to Comtek that advised "for the fiscal years [which] ended 7/31/95 and 7/31/96 [Comtek] realized gross income in the amounts of $19,906,081.00 ... and $21,610,895.00 [respectively] ... in lieu of the amounts reported on the income tax returns for each of those years." The notice further explained that "the amounts excluded from your return were for amounts paid or accrued to ECI in connection with [the] Reciprocal Royalty Agreement."

After discovery, Comtek and the Commissioner (the "parties") submitted a record of stipulated facts and exhibits pursuant to the Rules of Practice and Procedure of the United States Tax Court. *See* Tax Ct. R. 122. The parties agreed that the "sole issue in dispute is how Comtek and Crocus should report income generated by the foreign trade shows;" in sum, if the tax court determined that Crocus and [Comtek] were joint venturers, then Comtek would not owe additional taxes. They further stipulated that "both ECI and the royalty agreement should be disregarded for federal income tax purposes" and that "no adverse inference should be drawn against either [party] based on the ECI [royalty] agreement."

As the Tax Court aptly observed, the stipulated facts created an "artificial situation" accompanied by "obscurity, lack of transparency, and incompleteness of the stipulated record regarding the business and financial relationships of [Comtek] and Crocus." *See Comtek*, 2003 Tax Ct. Memo LEXIS 135 at *33, 2003 WL 21078102. Having reviewed the same opaque record, and according the Tax Court's factual findings and inferences substantial deference, we affirm.

■ On appeal, Comtek first argues that because the "sole issue" before the Tax Court was not set forth in the Commissioner's original notice of deficiency, it is a "new matter" and the court should have shifted the burden of proof to the Commissioner to show that Comtek and Crocus were not joint venturers. BB20 See Tx. Ct. Rule 142.** We disagree and

---

** Rule 142(a)(1) reads, in relevant part: "The burden of proof shall be upon the petitioner, except as otherwise provided by statute or determined by the Court; and except that, in

conclude that the parties' stipulation of facts did not entail a "new matter" and thus the Tax Court did not err by declining to shift the burden of proof under Tax Court Rule 142.

■ Comtek further contends that the tax court erred in its factual finding that it and Crocus were not joint venturers. We disagree. Because the Tax Court applied the proper legal standard to determine whether a joint venture existed between Comtek and Crocus as set forth in *Luna v. Comm'r*, 42 T.C. 1067, 1077–78, 1964 WL 1259 (1964), both its findings on each individual factor and its overall assessment of their varying weights must be upheld unless clearly erroneous. See *Estate of Kahn v. Comm'r*, 499 F.2d 1186, 1190 n. 4 (2d Cir.1974) (citing *Burde v. Comm'r*, 352 F.2d 995, 1002 (2d Cir.1965)); *see also Smith v. Comm'r*, 300 F.3d 1023, 1028 (9th Cir.2002) (factual inferences drawn from stipulated record are reviewed for clear error); *Malachinski v. Comm'r*, 268 F.3d 497, 505 (7th Cir.2001) (same).

To determine the existence of a joint venture *** for federal income tax purposes we ask whether the parties "really and truly intended to join together for the purpose of carrying on business and sharing in the profits or losses or both." *Comm'r v. Tower*, 327 U.S. 280, 287, 66 S.Ct. 532, 90 L.Ed. 670 (1946). We consider all the facts: "the agreement, the conduct of the parties in the execution of its provisions, their statements, ... the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purpose for which it was used and any other facts throwing light on their true intent." *Comm'r v. Culbertson*, 337 U.S. 733, 742,

69 S.Ct. 1210, 93 L.Ed. 1659 (1949); *see also Luna* 42 T.C. 1077–78, (enumerating eight factors to determine existence of "partnership" for federal income tax purposes).

The Tax Court's finding that Comtek and Crocus were not joint venturers for federal income tax purposes is not clearly erroneous. It correctly found that there was no evidence in the record of any agreement, written or oral, between Comtek and Crocus for the sharing of profits and losses. Although Crocus and Comtek essentially split the direct expenses of the trade shows in the former Soviet bloc, only Comtek bore the risk that the trade shows would be unprofitable and there is no evidence that Crocus was entitled to any profit beyond reimbursement of its direct expenses. Comtek alone solicited exhibitors throughout the U.S. and Europe, generating ninety percent of the gross revenue from the trade shows, which was exclusively received by Comtek. Finally, the vast majority of exhibitors (all exhibitors except the relatively few located in the former Soviet bloc) dealt primarily, if not solely with Comtek by entering into a contract for exhibit space with Comtek, signed by a Comtek employee. Only in limited cases would such an exhibitor have any contact with Crocus.

We have considered all of Comtek's arguments and find them to be without merit.

For the foregoing reasons, the Tax Court's judgment is hereby AFFIRMED.

---

respect of any new matter, increases in deficiency, and affirmative defenses, pleaded in the answer, it shall be upon the respondent."

*** For purposes of federal tax law, the term "partnership," is used interchangeably with the term "joint venture." *See* 26 U.S.C. § 7701(a)(2); 26 C.F.R. § 301.7701–3(a); *Madison Gas & Elec. Co. v. Comm'r*, 633 F.2d 512, 515 (7th Cir.1980).